**UNITED STATES of America,
Appellee,**

v.

**Lawrence L. LASKO, Defendant–
Appellant.**

**Docket No. 04–1114–CR.**

United States Court of Appeals,
Second Circuit.

Sept. 2, 2005.

Jane Simkin Smith, Millbrook, NY, for Appellant.

Carl J. Boykin, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney for the Northern District of New York, Thomas P. Walsh, Assistant United States Attorney, on the brief), Syracuse, NY, for Appellee.

Present: WALKER, Chief Judge, CALABRESI, and STRAUB, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED** in part and the case is **REMANDED.**

Defendant-appellant Lawrence L. Lasko appeals from a March 1, 2004, judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*) convicting him (1) following a jury trial, of conspiring to manufacture 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846, and (2) following his plea of guilty, of unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). Lasko was sentenced principally to 210 months' and 120 months' imprisonment, respectively, to run concurrently. Familiarity with the facts and procedural history is assumed.

On appeal, Lasko argues that: (1) the district court erred in admitting a chart summarizing Lasko's post-arrest statements; (2) the jury's finding of 50 grams or more of methamphetamine was not supported by sufficient evidence; and (3) the district court's use of the mandatory Sentencing Guidelines requires remand pursuant to *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005).

Lasko first contends that the district court erred in admitting into evidence

a chart that summarized Lasko's post-arrest statements about his manufacturing of methamphetamine. BB 18–23; RB 5–22. We review the district court's decision for abuse of discretion. *United States v. Pinto,* 850 F.2d 927, 935 (2d Cir.1988). Federal Rule of Evidence 611(a) states, in relevant part, that "[t]he court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to ... make the interrogation and presentation effective for the ascertainment of the truth." The use of charts summarizing evidence "is a common procedure whose use we have repeatedly approved." *United States v. Conlin,* 551 F.2d 534, 538 (2d Cir.1977) (citing cases). A proper foundation for the charts must be established, and "[t]he district court must determine as part of the foundation that the summary charts fairly represent and summarize the evidence on which they are based." *United States v. Koskerides,* 877 F.2d 1129, 1134 (2d Cir. 1989) (internal quotation marks omitted).

We conclude that the district court did not abuse its discretion in admitting the summary chart. The chart set forth the duration and frequency of the methamphetamine "cooking" operation, an estimate of the size of the batches, and an estimate of the total amount of the drug produced over that period of time—all based on Lasko's testimony to the police. GA 16. And the district court gave clear and repeated cautionary instructions to the jury that the chart was *not* evidence, but was being offered as a synthesis of previously admitted testimony. *See Pinto,* 850 F.2d at 935; GA 48, 55–56. At one point the district court even took the care to state that "the chart is no better than the evidence upon which it is based and does not in and of itself constitute independent evidence," GA 56, which is substantially the same as the curative instruction used in *United States v. Goldberg,* 401 F.2d 644, 647–48 (2d Cir.1968) (affirming conviction).

We find that the admission of the summary chart was well with the district court's discretion.

 Lasko next argues that the jury's quantity finding was not supported by sufficient evidence. He contends that the jury was instructed to determine whether Lasko conspired to manufacture 50 grams or more of pure methamphetamine, *see* 21 U.S.C. § 841(b)(1)(A)(viii), while the indictment charged him with producing 50 grams or more of a "mixture or substance containing a detectable amount of methamphetamine," *see id.* § 841(b)(1)(B)(viii). This argument is wholly without merit. Throughout the trial, the parties and the court referred to "methamphetamine" as shorthand for the substance charged in the indictment. The defendant never objected. The indictment charged Lasko with manufacturing 50 grams or more of a mixture or substance containing methamphetamine, and it was read to the jury during the charge to the jury. There was never any doubt that the "methamphetamine" referred to throughout the trial was the "mixture or substance" referred to in the indictment. There was no argument or evidence that the substance at issue was pure. Moreover, we conclude that the jury's verdict was more than supported by the defendant's post-arrest confession, the statements of his co-conspirator, Mark Helton, and the physical evidence recovered at the scene of the large-scale methamphetamine manufacturing operation and of a batch in progress.

 We agree with Lasko and the government that, in light of *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and this court's decision in *Crosby,* 397 F.3d 103, this case should be remanded for consideration of resentencing. Pursuant to appellate counsel's request, we direct the district court to appoint new CJA counsel for purposes of these district court proceedings.

Any appeal taken from the district court's decision on remand can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b). A party will not waive or forfeit any appropriate argument on remand or on any appeal post-remand by not filing a petition for rehearing of this remand order.

We have carefully considered Lasko's other arguments and find them to be without merit.

Accordingly, and for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED** in part and the case is **REMANDED**.