10-1240-cr
United States v. Lasko

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of May, two thousand eleven.

PRESENT:

> ROGER J. MINER,
> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

*Appellee,*

-v.-                                                                     No. 10-1240-cr

LAWRENCE L. LASKO,

*Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT APPELLANT:**      JONATHAN S. FOLLENDER, Arkville, NY.

**FOR APPELLEE:**      BRENDA K. SANNES, Assistant United States Attorney (Thomas P. Walsh, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a March 31, 2010 judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Lawrence L. Lasko was convicted of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846 after a jury trial. He subsequently pleaded guilty to one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). On March 1, 2004, the District Court sentenced Lasko to 210 months of incarceration, four years of supervised release, and imposed a $200 special assessment.

On direct appeal, this Court affirmed Lasko's conviction but remanded the case for consideration of re-sentencing pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). *United States v. Lasko*, 146 F. App'x 530, 532 (2d Cir. 2005) (non-precedential summary order). The District Court concluded on remand that re-sentencing was not warranted because the original sentence remained "appropriate and reasonable" in light of the parties' submissions and "the sentencing factors set forth at 18 U.S.C. § 3553(a)." *United States v. Lasko*, 03-cr-210 (N.D.N.Y. June 12, 2006).

Although Lasko failed to file a timely notice of appeal of the District Court's June 12, 2006 order confirming the original sentence, on November 17, 2008, he filed a motion pursuant to 28 U.S.C. §2255 challenging the sufficiency of the evidence to support his conviction and asserting that he had been provided with constitutionally ineffective assistance of counsel. The District Court rejected Lasko's substantive claims but granted the motion in part for the limited purpose of permitting Lasko an opportunity to appeal its June 12, 2006 order on remand. *See United States v. Lasko*, 03-cr-210 (N.D.N.Y. Dec. 15, 2009). Accordingly, an amended judgment was entered on March 31, 2010. Lasko appeals from that judgment. We assume the parties' familiarity with the facts and procedural history on appeal.

**Crosby Remand**

On appeal, Lasko argues that the District Court committed procedural error by, among other things, failing properly to consider the 18 U.S.C. § 3553(a) criteria; applying a six-level enhancement under the United States Sentence Guidelines for creating a substantial risk of harm to a minor; and failing to engage in a "comparative sentencing inquiry" to determine if the original sentence would still stand in light of the fact that the Guidelines are no longer mandatory after *United States v. Booker*, 543 U.S. 220 (2005). When considering an appeal from a decision not to re-sentence a defendant following a *Crosby* remand, we review both the procedure whereby the District Court decided not to re-sentence and the substance of the undisturbed sentence for reasonableness. *United States v. Williams*, 475 F.3d 468, 471 (2d Cir. 2007). As part of that review, however, issues that "were decided—or that could have been decided—during prior proceedings" are foreclosed by the law of the case doctrine. *Id.*

With the exception of the District Court's consideration of the § 3553(a) factors, all of Lasko's arguments on appeal pertaining to the reasonableness of his sentence are barred under the law of the case doctrine because they were made, or could have been made, at a prior stage of this litigation. *See County of Suffolk v. Stone & Webster Eng'g Corp.*, 106 F.3d 1112, 1117 (2d Cir. 1997) ("[A] decision made at a previous stage of litigation, which could have been challenged in the ensuing appeal but was not, becomes the law of the case; the parties are deemed to have waived the right to challenge that decision, for it would be absurd that a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who had argued and lost." (alterations and citations omitted)). We conclude therefore that those arguments are without merit.

With regard to the District Court's consideration of the § 3553(a) factors, we have "imposed no . . . requirement that a sentencing judge *precisely identify* either the factors set forth in § 3553(a) or specific arguments bearing on the implementation of those factors in order to comply with her duty to consider all the § 3553(a) factors along with the applicable Guidelines range." *United States v. Fernandez*, 443 F.3d 19, 29 (2d Cir. 2006) (emphasis in original). "As long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration has occurred." *United States v. Rose*, 496 F.3d 209, 213 (2d Cir. 2007) (internal quotation marks omitted). This presumption is especially strong when "the sentencing judge makes abundantly clear that she has read the relevant submissions and that she has considered the § 3553(a) factors." *Fernandez*, 443 F.3d at 29.

Here, the record reflects that the District Court, which expressly referenced the § 3553(a) factors in its June 12, 2006 order, "[was] aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable." *Rose*, 496 F.3d at 213. Moreover, Lasko has not pointed to anything in the record that would "indicate[ ] misunderstanding about such materials or misperception about their relevance." *Id.* (internal quotation marks omitted). Accordingly, we have no difficulty concluding that the District Court complied with the requirements of § 3553(a). We therefore hold that the District Court did not err when it declined to revise Lasko's sentence following the remand from this Court pursuant to *Crosby*.

**Ineffective Assistance Claim**

Lasko also argues that the District Court erred in denying his § 2255 motion because his counsel's failure to object, at both his initial sentencing and during his *Crosby* resentencing, to the six-level enhancement under the Guidelines for creating a substantial risk of harm to a minor constituted ineffective assistance of counsel. These claims are barred under the law of the case doctrine because they too were decided against Lasko at a prior stage of this litigation. *See Stone & Webster Eng'g Corp.*, 106 F.3d at 1117.

At his 28 U.S.C. § 2255 proceeding following his resentencing before the District Court, Lasko argued that his counsel for his initial sentencing was ineffective because he "was less than

even mildly aggressive" and that his *Crosby* re-sentencing counsel was as well for he "ignor[ed] all factors present for resentencing." In its December 15, 2009 order, the District Court found these arguments meritless and dismissed Lasko's claims, finding no evidence of ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1994). The District Court subsequently denied Lasko's request for a certificate of appealability on the issue, and on June 8, 2010, we also denied Lasko's motion for a certificate of appealability, finding that he had not "made a substantial showing of the denial of a constitutional right." Accordingly, Lasko's claims of ineffective assistance, both as to his initial counsel and his *Crosby* counsel, have already been addressed and dismissed by this Court.

We conclude therefore that Lasko's ineffective assistance of counsel claims are barred under the law of the case doctrine.

## CONCLUSION

We have considered all of Lasko's arguments on appeal and find them to be without merit. For the reasons stated above, the order of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4